UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER NICKELSON, and FABIOLA NICKELSON, | 3:13-CV-00493-LRH-WGC |
| Plaintiffs, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is Defendant the United States of America's ("United States") Motion to Dismiss, filed January 3, 2014. Doc. #10.[1] Plaintiffs Christopher Nickelson and Fabiola Nickelson filed a Response on January 21, 2014. Doc. #12. Thereafter, the United States filed a Reply on January 28, 2014. Doc. #15.

**I.   Facts and Procedural History**

On September 12, 2013, Christopher and Fabiola Nickelson filed a Complaint alleging medical malpractice, loss of consortium, and battery against the United States in federal court. Doc. #1. The United States filed the present Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

///

---

[1]   Refers to the Court's docket entry number.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936)).

## III. Discussion

Christopher Nickelson brings his first claim for medical malpractice pursuant to the Federal Tort Claims Act of 1948 ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*. *See* Doc. #1. Claims under the FTCA are governed by the substantive law of the state in which the claim arose. 28 U.S.C. § 1346(b)(1). Nickelson's alleged injury occurred in Nevada. Doc. #1, pp. 1-2. Therefore, Nevada substantive law applies. In medical malpractice claims, Nevada Revised Statute § 41A.071 requires that:

> [T]he district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

NRS 41A.071. An action filed without a supporting medical expert affidavit is "void *ab initio*, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 148 P.3d 790, 794 (Nev. 2006). The complaint must be dismissed without leave to amend. *Id.* ("[b]ecause a complaint that does not comply with NRS 41A.071 is void *ab initio*, it does not legally exist and thus it cannot be amended").

Here, Nickelson filed his claim for medical malpractice without a supporting medical expert affidavit. *See* Doc. #1. Accordingly, the Court finds that his medical malpractice claim must be dismissed without leave to amend. In his opposition, Nickelson argues that Nevada Revised Statute 41A.071 does not apply in federal cases because the provision requiring a medical affidavit

is a state procedural requirement that conflicts with the Federal Rules of Civil Procedure. *See* Doc. #12, pp. 1-6. The Court disagrees. Ninth Circuit precedent confirms that Nevada Revised Statute 41A.071 applies in federal cases and requires dismissal of complaints that fail to include the required affidavit. *See Swails v. United States*, 406 Fed. Appx. 124, 125-26 (9th Cir. 2010) (affirming this Court's dismissal of the plaintiff's medical malpractice case for failure to include the required affidavit pursuant to Nevada Revised Statute 41A.071). Accordingly, the Court finds that Nickelson's claim for medical malpractice is void and thus dismissed by operation of law.

In the alternative, Nickelson urges the Court to accept an affidavit from a medical expert, which he attached to his Response. *See* Doc. #12, p. 7; *see also* Doc. #12, Ex. 1, Ex. 2. However, as the United States points out, Nevada authority is clear that dismissal is the *only* proper result for a plaintiff's failure to include the required affidavit with the complaint. *See* NRS 41A.071 ("the district court *shall* dismiss the [medical malpractice] action, without prejudice, if the action is filed without an affidavit") (emphasis added); *Washoe Med. Ctr.*, 148 P.3d at 793-94 ("[t]he Legislature's choice of words 'shall dismiss' instead of 'subject to dismissal' indicates that the Legislature intended that the court have no discretion with respect to dismissal"); *Schuster v. Bannister*, No. 3:11-cv-00081-HDM (WGC), 2012 WL 6917787, at *5 (D. Nev. 2012) ("[b]ecause [the plaintiff] failed to supply a medical expert's affidavit with his complaint, his medical malpractice/negligence claim is void *ab initio* and *it cannot be cured by subsequently attaching the missing affidavit by amendment*") (emphasis added). Accordingly, Nickelson's claim for medical malpractice shall be dismissed without prejudice.

Because Fabiola Nickelson's claim for loss of consortium is derivative of her husband's claim for medical malpractice, it must also be dismissed for lack of subject matter jurisdiction. *See Turner v. Mandalay Sports Entm't*, 124 Nev. 213, 221-22 (2008) (affirming summary judgment in favor of defendant on husband's derivative claim for loss of consortium where summary judgment was also granted in favor of defendant on wife's negligence claim"). Finally, as the United States sets forth in their Motion, the Court lacks subject matter jurisdiction to hear Nickelson's claim for

battery.[2]  The United States has not waived its sovereign immunity from suit for such a claim and therefore it must be dismissed.  *See* 42 U.S.C. § 2680(h) (excluding from coverage under the FTCA "[a]ny claim arising out of assault or battery").

   IT IS THEREFORE ORDERED that the United States' Motion to Dismiss (Doc. #10) is GRANTED.

   IT IS FURTHER ORDERED that Plaintiff Christopher Nickelson's claim for medical malpractice and Plaintiff Fabiola Nickelson's claim for loss of consortium are DISMISSED without prejudice.

   IT IS FURTHER ORDERED that Plaintiff Christopher Nickelson's claim for battery is DISMISSED with prejudice.

   IT IS SO ORDERED.

   DATED this 6th day of May, 2014.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

---

[2] Christopher Nickelson appears to concede that his claim for battery should be dismissed because he fails to challenge the United States' argument in his Response.  *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) (claims that are not addressed in brief are deemed abandoned).